### CONABLE *v.* SMITH.

(*Supreme Court, General Term, Fifth Department.* June 23, 1892.)

1. APPEAL—FROM JUDGMENT AND DENIAL OF NEW TRIAL.
   One cannot, after affirmance on appeal from a judgment, have the same questions again considered by appeal from the denial of a motion for new trial on case and exceptions.

2. New Trial—Affidavits—Belief.

A new trial for newly-discovered evidence will not be granted on affidavits merely asserting affiant's "belief" and that he "understood."

3. Same—Presence of Witness at First Trial.

A new trial on newly-discovered evidence will not be granted where it appears that the witness was present at the first trial, and that the party, though knowing of his presence, did not call him, for the reason that he did not know what he would testify.

Appeal from special term, Wyoming county.

Action by Benjamin B. Conable against Edgar K. Smith, surviving defendant, impleaded with Charles K. Brown, now deceased, on a note. There was judgment for plaintiff. From an order denying defendant's motion for a new trial, made on case and exceptions, and also on the ground of newly-discovered evidence, defendant Smith appeals. Affirmed.

For decision on appeal by defendant Smith from the judgment entered on a verdict for plaintiff, see 15 N. Y. Supp. 924.

Argued before Dwight, P. J., and Macomber and Lewis, JJ.

*L. W. Thayer,* for appellant. *Byron Healy,* for respondent.

Macomber, J. Judgment was entered against the defendants, Edgar K. Smith and Charles K. Brown, on the 15th day of June, 1878, upon a verdict at the circuit. The notice of appeal from such judgment was served October 30, 1890, and the same was pending on appeal in the general term at the time that the motion herein was made. The case upon the former appeal was submitted to this court in June, 1891, and was decided in favor of the respondent in October, 1891. This motion was noticed for the 27th day of April, 1891, and was subsequently heard at the special term, and was denied, from which order this appeal was taken. The opinion of this court upon the former appeal is reported in 15 N. Y. Supp. 924. This action was brought upon a promissory note executed by one Henry Garretsee in the sum of $2,000, dated February 1, 1871, payable to the defendant Charles K. Brown at the Wyoming County National Bank, at Warsaw, N. Y., with interest after the 1st day of March thereafter. It was indorsed, before delivery to the plaintiff, and before maturity, by the defendants, Brown and Smith. The *bona fides* of the plaintiff were not disputed upon the trial, and the only defense urged was that the note had been altered in a material respect after the indorsement was made, and before the same was negotiated. Such change, it was alleged, consisted in inserting the following words, "and interest after the first day of March next." This defense was, upon the trial at the circuit, sustained by testimony given in behalf of the defendants and by a so-called expert. It appeared, however, that, subsequently to the delivery of the note to the plaintiff, bankruptcy proceedings were instituted against the maker of the note, Henry Garretsee, which were subsequently discontinued on payment by him of 25 per cent. of his indebtedness, including this outstanding note. Both of the defendants, Smith and Brown, united in an agreement to the effect that, on payment by the maker of 25 per cent. of the whole, he might be released from further liability thereon, and such release should not in any respect vary or modify the obligation of the indorsers. The other facts appear in the opinion above alluded to, and they need not here be again rehearsed.

We have before us upon this branch of the case the same argument that was addressed to us upon the appeal from the judgment, in addition to the points applicable to that part of the motion pertaining to the newly-discovered evidence. There is no practice with which we are acquainted which enables parties thus to get a second hearing in the appellate court. After an appeal has been taken from the judgment, and the judgment has been affirmed, it is not permitted to the party aggrieved to go back to the special term, and make a motion for a new trial on a case and exceptions, as was done in this action,

and then appeal from the order denying such motion: and accordingly we must affirm that part of the order appealed from, and adhere to our former decision upon the case as it was made at the circuit.

There is therefore no question which we ought to entertain for a moment upon this appeal, except that part of the motion made at the special term for a new trial upon the ground of newly-discovered evidence. There are many fatal objections to this part of the case also, one of which is that the motion was not made within the time limited for an appeal to be taken from the judgment, as is provided for by section 1002 of the Code. But there are other grounds of objections which I proceed to state. The principal affidavit upon which a new trial, upon the ground of newly-discovered evidence, was based, consists of that of Henry Garretsee, the maker and writer of the note. In his affidavit, bearing date the 30th day of March, 1891, he says that when the note was drawn and signed by him, and at the time it was indorsed by Brown and Smith, "it was in the words and figures following," "as deponent verily believes;" then follows a copy of the note, with the words, "with interest after the first day of March next," left out. The affiant then proceeds as follows: "Deponent says he verily believes, and he has no doubt, he wrote the words, ' and interest after the first day of March next,' in said note, as last above set out; that said Brown and said Smith had indorsed the same;" and he further says that this was done without notice to said indorsers, and without their knowledge. This affidavit is extremely inclusive and ambiguous. It is inclusive, in that the only thing the affiant has sworn to relates to his belief. He does not seem to have any knowledge or recollection in regard to the matter. An affidavit of mere belief, without stating facts, is not an assertion of any facts upon which courts can safely act; and for this reason, also, the affidavit was insufficient even to call upon the other side for counter affidavits. But the same person made another affidavit on the 13th day of April, 1891, in which he stated "that he understood it [the note] to be indorsed in blank, and he had a legal right to insert the words, ' and interest after the first day of March next.' " The second affidavit is as inclusive as the first one, and neither of them contains a positive or unqualified assertion of a matter of fact which necessarily was within the knowledge of the affiant. In the first affidavit, he merely asserted his belief; in the second one, he says he "understood," which is another form of asserting a belief. These affidavits, therefore, must be thrown out of the case as entirely worthless.

There is still another reason why this motion was properly denied at the special term. It appears that, upon the trial of the action, the maker of the note, Henry Garretsee, was present in court, and heard the testimony of the two defendants to the effect that this alteration had been made in the note. But he was not called as a witness on either side. The fact that he was in the court was known to the defendants, for one of them, upon this motion, makes an affidavit to the effect that he knew he was present in court. He further says, however, that he did not know what this witness would testify to, and hence did not call him. But, under the well-established rules governing motions for new trials upon the ground of newly-discovered evidence, it is not permissible for parties at the trial thus to experiment with the court, and afterwards claim the privilege of another trial under the pretense that their evidence is newly discovered. It has often been decided by the courts, and stated by elementary writers, that the requisites for a successful motion for a new trial, upon the grounds of newly-discovered evidence, are these: (1) It must appear that the evidence has been discovered since the trial; (2) that it could not have been obtained upon the former trial by the exercise of due diligence; (3) that it is not cumulative; (4) that in its character it is so decisive that there is a reasonable certainty that on another trial it would change the result; (5) that the motion has not been unreasonably delayed. An

inspection of the moving papers on this appeal shows clearly that none of these reasonable rules has been observed in this instance. The order appealed from should be affirmed.

Order appealed from affirmed, with costs. All concur.